

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

May 4, 2026

**By ECF**

The Hon. Victor Marrero
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> Re: *United States v. State of New York*, 26-CV-3404
> Defendants' Request for 30 Days From Service to Respond to Plaintiffs'
> Motion for Preliminary Injunctive Relief

Dear Judge Marrero:

This Office represents Defendants in the above-captioned action.[1] At present, no Defendant has been properly served with process of the Summons and Complaint. We write to oppose Plaintiffs' request that Defendants "be given 14 days from service[2]…to submit a response" to their motion for preliminary injunctive relief, ECF No. 34, because such a proposed briefing schedule is not reasonable. Defendants therefore respectfully request 30 days from proper service to respond to Plaintiffs' motion.

By their motion, Plaintiffs challenge the constitutionality of two long-established New York State statutes, one civil and one criminal, designed to protect New Yorkers from illegal gambling, based on a flawed as-applied theory of federal preemption, and seek sweeping injunctive relief to wrongfully tie the hands of state officials charged with protecting the health and safety of the public. Given the considerable gravity and complexity of the legal issues presented, 30 days to respond to Plaintiffs' motion for preliminary injunctive relief is entirely reasonable to ensure all issues are adequately presented to the Court. Plaintiffs' proposed 14 days, however, is too expedited to afford Defendants reasonable time to respond.

There is no reason for Plaintiffs' proposed schedule. Plaintiffs claim that they cannot give Defendants 30 days and instead demand 14 days "[b]ased on the irreparable harm the plaintiffs and the CFTC's regulated entities stand to face from defendants' unlawful enforcement of preempted state gambling regulation," ECF No. 34 at 2-3. Setting aside that such a claim has no merit in law or in fact whatsoever, Plaintiffs fail to provide any specific reasoning for what difference 14 days makes. Nor can they. It is for good reason that Plaintiffs are not seeking a temporary restraining order here.

---

[1] In no way should this letter be construed as a notice of appearance, waiver of any rights, privileges, or remedies, including, but not limited to, personal jurisdiction or to venue.

[2] Defendants note for the reasons set forth *infra* footnote 6, this clock has not yet begun to run.

Such purported urgency is also inconsistent with Plaintiffs' own conduct. Plaintiffs waited *eight* days between filing the Complaint on April 24, 2026 and moving for preliminary injunctive relief on May 1, 2026. Defendants were entirely unaware Plaintiffs intended to seek such extraordinary relief (and indeed, had assumed they did not) until the day before.

Nor is such purported urgency reflected in the factual realities of three outside court proceedings about which Plaintiffs complain. A motion for preliminary injunctive federal preemption over New York State sports gambling regulation against nine of the same Defendants in this action has been fully briefed since *December 22, 2025* before Judge Torres in *KalshiEX LLC v. Williams, et al.*, 25-CV-08846-AT (S.D.N.Y.). The same preemption issue has also *already been raised* by Coinbase Financial Markets, Inc. and Gemini Titan, LLC, the respective defendants in the two recently (improperly) removed state enforcement actions that are currently pending before Your Honor as related cases. *See People Of The State Of New York, By Letitia James v. Gemini Titan, LLC*, 26-CV-03318-VM (S.D.N.Y.), *People Of The State Of New York, By Letitia James v. Coinbase Financial Markets, Inc.*, 26-CV-03300-VM (S.D.N.Y.). Parties in all three litigations have therefore *already* put these federal preemption issues before the court.[3]

Without more, Plaintiffs' manufactured urgency appears to be nothing more than a litigation strategy hoping to improperly push their motion for preliminary injunctive relief to the front of the queue relative to these other cases without cause. This does not entitle Plaintiffs to a briefing schedule of their choosing that gives Defendants' inadequate time to respond.

Defendants' request for 30 days is an entirely reasonable schedule to respond to the motion for preliminary injunctive relief, and Plaintiffs do not and cannot articulate any actual difference an additional 14 days makes. Defendants therefore respectfully request 30 days to respond to Plaintiffs' motion for preliminary injunctive relief upon proper service of the Summons and Complaint.[4]

Defendants thank the Court for its attention to this matter.

---

[3]      Whether the Supremacy Clause issues in *Gemini* or *Coinbase* are ruled upon in federal or state court will depend on how the motions to remand in those cases are decided. *Gemini¸* 26-CV-03318-VM, ECF No. 13; *Coinbase*, 26-CV-03300-VM, Dkt No. 14. But that has no bearing on the substance of what Plaintiffs here are seeking to do.

[4]      This Court cannot consider Plaintiffs' motion until it has personal jurisdiction over Defendants. In order to obtain personal jurisdiction over Defendants, Plaintiffs must first, *inter alia* properly serve Defendants with process. *Buon v. Spindler*, 65 F.4th 64, 74 (2d Cir. 2023); *Fisher v. Bonham*, 25-CV-594, 2025 WL 4654672, at *1 (2d Cir. Apr. 9, 2025). And "[t]he cardinal principle that the district court is powerless to proceed in the absence of personal jurisdiction applies with no less force when the court is presented with a motion for a preliminary injunction." *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 611 (S.D.N.Y. 2016) (internal quotation marks omitted; quoting *Khatib v. Alliance Bankshares Corp.*, 846 F.Supp.2d 18, 24 (D.D.C. 2012)). *See also Spin Master, Ltd. v. Aomore-US*, 23-CV-7099 (DEH), 2024 WL 3030405, at *10 (S.D.N.Y. June 17, 2024) ("Given that no Defendant was properly served…Plaintiff's motion for a preliminary injunction is denied without prejudice to renewal."). In addition, Defendants respectfully advise the Court that Plaintiffs' affidavit of service that the motion was apparently served by "FedEx" is defective because Plaintiffs have not yet completed the necessary preliminary step of properly serving the summons and complaint. Even, assuming *arguendo*, that Plaintiffs' service by FedEx was sufficient to satisfy the requirements of service of interlocutory papers (which, per S.D.N.Y. Local Rule 5.3, will depend on whether that service was by "overnight delivery"), it remains the case that Plaintiffs have still not served any Defendants with process, and have thus not met a basic threshold jurisdictional requirement to entertain any request for preliminary injunctive relief.

Hon. Victor Marrero                                                    Page 3 of 3
May 4, 2026

                                            Respectfully submitted,

                                            /s/ *Katherine Rhodes Janofsky*
                                            KATHERINE RHODES JANOFSKY
                                            Assistant Attorney General
                                            28 Liberty Street, New York, NY 10005
                                            212-416-8621
                                            Katherine.Janofsky@ag.ny.gov


cc (by ECF): All counsel of record