

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

June 12, 2026

**By ECF**

The Hon. Barbara C. Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:    *United States v. State of New York*, 1:26-cv-3404

Dear Judge Moses:

This Office represents Defendants in the above-captioned action.  Pursuant to Rules I(2)(d) and (e) of Your Honor's Individual Practices, Defendants respectfully submit this letter in opposition to non-party Gemini Titan, LLC's ("Gemini") request for a premotion conference and proposed motion to intervene (Dkt No. 59) ("Letter").  Intervention is not warranted in this case and would needlessly complicate this litigation, particularly where, as here, Gemini has not met its burden to show that its alleged interests are not adequately represented by Plaintiffs the United States and the Commodity Futures Trading Commission, among other reasons set forth below.

Scope of Gemini's Proposed Intervention

Gemini operates an illegal online gambling operation in New York.  On April 21, 2026, this Office commenced a state court action against Gemini in connection with its illegal activities. Gemini improperly removed that action to federal court, and a motion to remand back to state court is sub judice.  *People of the State of New York, By Letitia James v. Gemini Titan, LLC*, No. 26 Civ. 3318, ECF No. 13.

Plaintiffs commenced this action on April 24, 2026, seeking to disrupt New York's ability to exercise lawful authority over entities like Gemini by asserting a single as-applied federal preemption claim over certain state laws.  (ECF No. 1.)  Plaintiffs filed a motion for preliminary injunctive relief on May 1, 2026 (ECF No. 34).  Gemini filed its Letter on June 10.  Plaintiffs filed their reply brief on June 11.

As a threshold matter, Gemini fails to clearly state its purpose and intention in proposing to intervene.  The Letter fails to present the advanced state of adjudication of preliminary injunctive relief, and Gemini refused to provide Defendants with a clear answer regarding its intentions when explicitly asked.  *See* Ex. 1 at 3 (counsel stated it would not "foreclose the possibility that Gemini would seek to take a position on the preliminary injunction").  Gemini cannot have it both ways. If Gemini *is* contemplating seeking, joining, or supporting preliminary injunctive relief, its motion

to intervene is grossly untimely.  If Gemini is *not* contemplating seeking preliminary relief, then its motion to intervene should, at a minimum, be held in abeyance until the pending motion to remand is decided: if the case is remanded to state court, then additional grounds, including both *Younger* abstention and the Anti-Injunction Act, 28 U.S.C. § 2283, among other things, would render Gemini's intervention futile.

Gemini also fails to attach any proposed pleading.  To the extent it seeks any additional relief beyond that which Plaintiffs request, Gemini cannot establish subject matter jurisdiction or demonstrate Article III standing against all Defendants, among other threshold issues.  *See, generally, Town of Chester, N.Y. v Laroe Estates, Inc.*, 581 US 433, 439-40 (2017).

<u>Intervention as-of-right is not warranted under Fed. R. Civ. P. 24(a)(2)</u>

Federal Rule of Civil Procedure 24 permits a non-party to intervene in ongoing litigation as of right or by permission of the court.  "Decisions to permit intervention fall within the trial court's sound discretion and will be overturned only for an abuse of discretion." *Sec. Pac. Mortg. and Real Est. Servs., Inc. v. Republic of Philippines*, 962 F.2d 204, 208 (2d Cir. 1992).

Intervention under Rule 24(a)(2) is granted only when an applicant meets **all four requirements**: "(1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by the other parties." *United States v. Pitney Bowes, Inc.*, 25 F3d 66, 70 (2d Cir 1994).  None of these factors is met.

Addressing the fourth element first, Gemini has not met its burden to show that its alleged interests are not adequately represented by Plaintiffs.  Significantly, "[w]hile the burden to demonstrate inadequacy of representation is generally speaking minimal, **the Second Circuit has demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective**." *Bldg. and Realty Inst. of Westchester and Putnam Ctys., Inc. v NY.*, 2020 WL 5667181, at *5 (S.D.N.Y. Sept. 23, 2020) (alteration and citation omitted) (emphasis added) (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001)); *see also X Corp. v. James*, 2026 WL 276118, at *3 (SDNY Feb. 3, 2026) (same); *In re Enf't Of Philippine Forfeiture Judgment Against All Assets Of Arelma, S.A.*, 153 F.4th 142, 168 (2d Cir 2025) (affirming denial of intervention where the party and the proposed intervenor "have the same objective here").  Gemini claims to seek intervention to protect its "individual business interests," but this entails the same alleged interest the CFTC has in "protecting" the CFTC's purported "exclusive jurisdiction" over Gemini's betting operations. (ECF No. 59 at 2.)  **Gemini's alleged interests are therefore entirely aligned with Plaintiffs' interests.**

While "not an exhaustive list…evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." *Butler*, 250 F.3d at 180. But Gemini's premotion letter raises no such argument, thus failing to overcome its burden. Moreover, a claim of inadequate representation cannot be premised simply on the contention that the prospective intervenor has a motive to litigate that is different from the motive of an existing

Hon. Barbara C. Moses                                                                 Page 3 of 5
June 12, 2026

party.  *Nat. Resources Defense Council, Inc. v N.Y. State Dept. of Envtl. Conservation*, 834 F.2d 60, 61-62 (2d Cir. 1987).  Gemini's claim that the CFTC has "no incentive and no basis to seek to protect Gemini's individual business interests," ECF No. 59 at 2, has been rejected by the Second Circuit as grounds for intervention as of right where a party sought to support government parties.  834 F.2d at 61-62.  The fact that "the CFTC is Gemini's regulator" is also irrelevant.  *See N.Y. v. Nat'l Sci. Found*, 2025 WL 1793858, at *3-4 (S.D.N.Y. June 30, 2025).  Because their interests are aligned and Gemini has failed to meet its burden to overcome the presumption of adequacy, intervention should be denied.

Second, Gemini's motion is untimely.  Courts generally consider: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.  *United States v. New York*, 820 F.2d 554, 557 (2d Cir. 1987).  None of the factors are satisfied.

The Letter, which, as noted above, does *not* disclaim any intent to seek preliminary injunctive relief, comes 47 days after the commencement of this litigation and 41 days after Plaintiffs filed their motion for preliminary injunctive relief.  The Letter was filed the *day before* Plaintiffs' reply brief.  Gemini was on notice for more than *six weeks* and waited for *no reason*.  Such delay renders Gemini's motion untimely.  *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 381, 390 (2d Cir. 2006) (delay in filing "until the eve of the preliminary injunction hearing" rendered motion untimely).  This prejudices Defendants, at a minimum, by extending motion practice.  Denial does not prejudice Gemini because it is presently adjudicating federal preemption in its own case, among other things.  No unusual circumstances mitigating Gemini's untimeliness are alleged or exist.

Third, Gemini lacks a cognizable interest in intervening.  Rule 24(a)(2) requires an interest that is "direct, substantial, and legally protectable."  *Floyd v. City of New York*, 302 F.R.D. 69, 101 (S.D.N.Y. 2014) (quoting *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)).  Such interest "must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit." *Floyd* 302 F.R.D. at 101 (quotation and citation omitted).  If *People v. Gemini* is remanded, Gemini will have no right or ability to obtain the injunction sought by Plaintiffs, among other reasons, because Gemini is barred under *Younger* abstention and the Anti-Injunction Act.  *See generally Disability Advocates, Inc. v N.Y. Coalition for Quality Assisted Living, Inc.*, 675 F.3d 149, 161 (2d Cir 2012) ("Because Rule 24 cannot extend federal jurisdiction[,] ... intervention as of right cannot be used to circumvent Younger [v. Harris, 401 U.S. 37…(1971)] abstention." (quoting *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005)).  *See also Gould v United States*, 2012 WL 75425, at *1-2 (S.D.N.Y. Jan. 4, 2012) (considering Anti-Injunction Act, proposed intervenors will suffer no prejudice where "intervention in this proceeding would not necessarily have any effect whatsoever on the state court proceeding").  Gemini cannot use *this* litigation to manufacture jurisdiction or legally protectable interests where it has none, nor can it use *this* litigation to end-run basic principles of *Younger* abstention and federalism.  This counsels in favor of awaiting the Court's decision on the motion to remand before deciding Gemini's motion to intervene.  Gemini's reliance on *United States v. Connecticut*, 26-cv-498 (D. Conn. May 27, 2026), Dkt. #60, is inapposite; it does not concern an underlying state court litigation and intervention was unopposed and based on a joint stipulation.  (*Id.,* Dkt. #24-2.).

Hon. Barbara C. Moses                                                                    Page 4 of 5
June 12, 2026

   Finally, Gemini cannot demonstrate denial of intervention will impair its ability to protect its interests. *Visa*, 471 F.3d at 390*; see also United States v. City of N.Y.*, 198 F.3d 360, 367 (2d Cir. 1999) (affirming denial that did not "foreclosure of opportunities for appellants to seek to vindicate their claims in more appropriate settings").. Gemini can raise federal preemption in its own case *People v. Gemini* itself.

     Permissive intervention is also not warranted under Fed. R. Civ. P. 24(b)(1)(B)

   Permissive intervention is within the Court's discretion when a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The principal consideration "is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *USPS v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (quotation omitted) Other relevant factors include those considered under Fed. R. Civ. P. 24(a)(2) set forth above. *Id.* "In addition, Rule 24(b) requires that a party moving to intervene must show an independent ground of jurisdiction to support [its] permissive intervention." *Mopaz Diamonds, Inc. v. Inst. of London Underwriters*, 822 F. Supp. 1053, 1056 (S.D.N.Y. 1993) (internal quotation and citation omitted). As described above, Gemini has satisfied none of the factors. *See X Corp.,* 2026 WL 276118, at *3-4.

   In addition, allowing Gemini to intervene would encourage intervention by other entities, leading to further costs and delays without any substantial benefit to this Court or the existing parties. *See Nat'l Sci.*, 2025 WL 1793858, at *6 (adopting concern that "permitting intervention would encourage other parties to intervene in this lawsuit who claim to have an interest in this case, which would result in the piling on of parties, delay, extra cost, and increased risk of error.") (cleaned up).

   Finally, intervention should be denied on futility grounds. *See In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.*, 2008 WL 2594819, at *5 (S.D.N.Y. June 26, 2008) (collecting cases). As noted above, if *People v. Gemini* is remanded back to state court, Gemini will not have a viable claim as an intervenor. In addition, Defendants submit that Gemini would not be able to demonstrate a likelihood of success on the merits or survive a motion to dismiss.

   For these and other reasons, Gemini cannot meet its burden of demonstrating that it meets the requirements for intervention. The premotion conference should be denied or held in abeyance until the Court rules on the pending motion to remand.

   Defendants thank the Court for its attention to this matter.

Hon. Barbara C. Moses                                                                                          Page 5 of 5
June 12, 2026

                                                          Respectfully submitted,

                                                          /s/ *Katherine Rhodes Janofsky*____
                                                          KATHERINE RHODES JANOFSKY
                                                          Assistant Attorney General
                                                          28 Liberty Street, New York, NY 10005
                                                          212-416-8621
                                                          Katherine.Janofsky@ag.ny.gov

cc (by ECF): All counsel of record


## WORD COUNT CERTIFICATION

In accordance with Individual Practices of Magistrate Judge Barbara C. Moses Rule I(d), I hereby certify this letter contains 1,948 words (including footnotes), exclusive of the address lines, case caption, salutation, closing, and signature block, as established using the word count function of Microsoft Word.

                                                          /s/ *Katherine Rhodes Janofsky*____