# Exhibit 1

| From: | Weber, Sarah |
|---|---|
| To: | Janofsky, Katherine; Manley, Zachary |
| Cc: | Kemnitz, Christian T.; Davis, Daniel J.; Poronsky, Brian J.; Lo, Zoe |
| Subject: | RE: CFTC v. New York - Gemini motion to intervene |
| Date: | Tuesday, June 9, 2026 12:21:41 PM |
| Attachments: | image001.png |

Understood.  Thank you for the quick response.

**Sarah Weber**
Partner

# Katten

Katten Muchin Rosenman LLP
525 W. Monroe Street | Chicago, IL 60661-3693
direct +1.312.902.5251
sarah.weber@katten.com | katten.com
Bio | vCard

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Tuesday, June 9, 2026 11:18 AM
**To:** Weber, Sarah <sarah.weber@katten.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Kemnitz, Christian T. <christian.kemnitz@katten.com>; Davis, Daniel J.
<daniel.davis@katten.com>; Poronsky, Brian J. <brian.poronsky@katten.com>; Lo, Zoe
<zoe.lo@katten.com>
**Subject:** RE: CFTC v. New York - Gemini motion to intervene

*EXTERNAL EMAIL – EXERCISE CAUTION*

Sarah,

Thank you for your responses.  I have conferred with all of my clients despite the short notice.

Based on the responses provided, Gemini has not adequately set forth a basis for intervention under either standard.  Gemini has also not adequately addressed our concerns that is not an effort to obtain consolidation by other means, which the court has already adjourned in relation to your pending case.  Defendants will review Gemini's pre-motion letter once filed and advise if it has any effect on our position, but based on the information provided to date, Defendants would oppose.

Respectfully,

Kate Rhodes Janofsky
Deputy Section Chief | Assistant Attorney General
Office of the New York State Attorney General
State Counsel | Litigation Bureau | Commercial and Transportation Agencies Section
28 Liberty Street, 17th Floor| New York, NY 10005
Tel: (212) 416-8621 | Katherine.Janofsky@ag.ny.gov

she/her/hers

---

**From:** Weber, Sarah <sarah.weber@katten.com>
**Sent:** Tuesday, June 9, 2026 12:05 PM
**To:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Kemnitz, Christian T. <christian.kemnitz@katten.com>; Davis, Daniel J. <daniel.davis@katten.com>; Poronsky, Brian J. <brian.poronsky@katten.com>; Lo, Zoe <zoe.lo@katten.com>
**Subject:** RE: CFTC v. New York - Gemini motion to intervene

Kate,

Thanks again for the call yesterday. I know we'll likely hear from you soon with at least an update, but I wanted to memorialize some of your questions from our call as you requested.

First, you asked which defendants we plan to intervene against. We said we will look closely at your arguments regarding lack of standing with respect to the Governor but that, for purposes of letting us know your position, please assume we'll intervene against all defendants.

Second, you asked if we plan to intervene in the motion for a preliminary injunction. As noted below, Gemini is seeking to intervene in the case as a whole and would file an intervenor complaint. If granted, from there, Gemini would evaluate the state of the litigation and take whatever steps are appropriate to best advance its interests, and we cannot foreclose the possibility that Gemini would seek to take a position on the preliminary injunction.

Third, you asked about the substance of our intervenor complaint and if it would make a Supremacy Clause argument. Without waiving any rights, we said that it likely would.

We look forward to hearing from you.

Thank you,
Sarah

**Sarah Weber**
Partner

# Katten

Katten Muchin Rosenman LLP
525 W. Monroe Street | Chicago, IL 60661-3693
direct +1.312.902.5251
sarah.weber@katten.com | katten.com
Bio | vCard

---

**From:** Weber, Sarah

**Sent:** Monday, June 8, 2026 2:06 PM
**To:** 'Janofsky, Katherine' <Katherine.Janofsky@ag.ny.gov>; 'Manley, Zachary' <Zachary.Manley@ag.ny.gov>
**Cc:** Kemnitz, Christian T. <christian.kemnitz@katten.com>; Davis, Daniel J. <daniel.davis@katten.com>; Poronsky, Brian J. <brian.poronsky@katten.com>; Lo, Zoe <zoe.lo@katten.com>
**Subject:** RE: CFTC v. New York - Gemini motion to intervene

Actually apologies, I meant to say we'll send an invite for 4.  Thank you and we'll speak to you soon.

**Sarah Weber**
Partner

## Katten

Katten Muchin Rosenman LLP
525 W. Monroe Street | Chicago, IL 60661-3693
direct +1.312.902.5251
sarah.weber@katten.com | katten.com
Bio | vCard

---

**From:** Weber, Sarah
**Sent:** Monday, June 8, 2026 2:00 PM
**To:** 'Janofsky, Katherine' <Katherine.Janofsky@ag.ny.gov>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Kemnitz, Christian T. <christian.kemnitz@katten.com>; Davis, Daniel J. <daniel.davis@katten.com>; Poronsky, Brian J. <brian.poronsky@katten.com>; Lo, Zoe <zoe.lo@katten.com>
**Subject:** RE: CFTC v. New York - Gemini motion to intervene

Kate,

Gemini is seeking to intervene in the case as a whole and would plan to file an intervenor complaint. If granted, from there, Gemini would evaluate the state of the litigation and take whatever steps are appropriate to best advance its interests.

4:30 today works for me, we can send an invitation.

Thank you,
Sarah

**Sarah Weber**
Partner

## Katten

Katten Muchin Rosenman LLP
525 W. Monroe Street | Chicago, IL 60661-3693
direct +1.312.902.5251
sarah.weber@katten.com | katten.com

Bio | vCard

---

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Monday, June 8, 2026 1:44 PM
**To:** Weber, Sarah <sarah.weber@katten.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Kemnitz, Christian T. <christian.kemnitz@katten.com>; Davis, Daniel J. <daniel.davis@katten.com>; Poronsky, Brian J. <brian.poronsky@katten.com>; Lo, Zoe <zoe.lo@katten.com>
**Subject:** RE: CFTC v. New York - Gemini motion to intervene

*EXTERNAL EMAIL – EXERCISE CAUTION*

Thank you for your responses.  To clarify, Gemini is not seeking to intervene in the motion for a preliminary injunction?

With that clarification, Zack and I can do 4:00 PM or 4:30 PM today or 10:00 AM or 10:15 AM tomorrow morning.

Thank you,

Kate Rhodes Janofsky
Deputy Section Chief | Assistant Attorney General
Office of the New York State Attorney General
State Counsel | Litigation Bureau | Commercial and Transportation Agencies Section
28 Liberty Street, 17th Floor| New York, NY 10005
Tel: (212) 416-8621 | Katherine.Janofsky@ag.ny.gov
she/her/hers

---

**From:** Weber, Sarah <sarah.weber@katten.com>
**Sent:** Monday, June 8, 2026 2:20 PM
**To:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Kemnitz, Christian T. <christian.kemnitz@katten.com>; Davis, Daniel J. <daniel.davis@katten.com>; Poronsky, Brian J. <brian.poronsky@katten.com>; Lo, Zoe <zoe.lo@katten.com>
**Subject:** RE: CFTC v. New York - Gemini motion to intervene

Kate,

As I mentioned, we were hoping to file today or tomorrow and certainly were planning to get your position first.

To answer your questions:

- We plan to seek intervention as of right under Rule 24(a) (or, in the alternative, permissive intervention under Rule 24(b)). The basis for this motion is that Gemini has interests in the outcome of this litigation that are not adequately addressed by the parties. Of course, Gemini's business could be impacted by the outcome of this litigation. The CFTC is expressly seeking an injunction that would impact the *New York v. Gemini* litigation, and any substantive decision on the CFTC's suit has a bearing on Gemini's business. Only Gemini can speak to the harm it would suffer if its operations were halted or impaired in New York and, as such, it is appropriate for Gemini to intervene in the litigation.
- We believe this motion is timely, as there have been no substantive decisions, no response to the complaint, and no discovery.
- Gemini did not file a pre-motion letter regarding consolidation, but it agreed with Coinbase's letter stating that consolidation would be appropriate. Gemini's agreement with Coinbase's motion does not foreclose Gemini's ability to make a different strategic decision. In any event, consolidation is not procedurally equivalent to intervention, and different standards govern the two procedures. Moreover, Gemini must seek intervention in a timely fashion, as you have noted, so it cannot wait for resolution of the adjourned consolidation motion to bring this motion.
- We anticipate that, if permitted to intervene, Gemini would file an intervenor complaint alleging that the New York state gambling-related laws are preempted as applied to Gemini.

The above information is provided solely to aid you in reaching a decision whether to agree to our motion to intervene, and it is not intended to waive any argument, basis, or action that Gemini might take in connection with bringing this motion or otherwise.

Please let us know when you're available to speak today or tomorrow.

Thank you,
Sarah

**Sarah Weber**
Partner

**Katten**

Katten Muchin Rosenman LLP
525 W. Monroe Street | Chicago, IL 60661-3693
direct +1.312.902.5251
sarah.weber@katten.com | katten.com
Bio | vCard

---

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Monday, June 8, 2026 10:45 AM
**To:** Weber, Sarah <sarah.weber@katten.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>

**Cc:** Kemnitz, Christian T. <christian.kemnitz@katten.com>; Davis, Daniel J. <daniel.davis@katten.com>; Poronsky, Brian J. <brian.poronsky@katten.com>; Lo, Zoe <zoe.lo@katten.com>
**Subject:** RE: CFTC v. New York - Gemini motion to intervene

*EXTERNAL EMAIL – EXERCISE CAUTION*

Hi Sarah,

Same-day notice of a pre-motion letter to intervene does not satisfy Judge Marrero's Individual Rules of Practice II(A) for a good faith meet and confer between the parties. As you know, we represent a large number of Defendants across multiple state agencies and the executive. A response time of "today" (less than six hours before close of business) in order to provide you with Defendants' position on such a motion is not reasonable. It is also surprising, given that this case was commenced more than a month ago.

You would like to know Defendants' "position" on such a motion, but you have not provided any grounds or identified which section of FRCP 24 upon which you intend to rely. Can you please provide the grounds and basis for your pre-motion letter to intervene? Can you please also identify the nature of your intended pleading?

Finally, any insight you could provide on why this is not procedurally equivalent to your client's pre-motion to consolidate that is presently adjourned until the Court's decision on the pending remand motion in your case would also be helpful, as I am likely to get asked that question.

Please send your grounds and basis for intervention and your view of the procedural posture, so that I may advise my clients. Once I have received this information from you, we can have a productive meet and confer and I am happy to schedule a call today or tomorrow.

Respectfully,


Kate Rhodes Janofsky
Deputy Section Chief | Assistant Attorney General
Office of the New York State Attorney General
State Counsel | Litigation Bureau | Commercial and Transportation Agencies Section
28 Liberty Street, 17th Floor| New York, NY 10005
Tel: (212) 416-8621 | Katherine.Janofsky@ag.ny.gov
she/her/hers

---

**From:** Weber, Sarah <sarah.weber@katten.com>
**Sent:** Monday, June 8, 2026 11:18 AM
**To:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Kemnitz, Christian T. <christian.kemnitz@katten.com>; Davis, Daniel J.

<<daniel.davis@katten.com>>; Poronsky, Brian J. <<brian.poronsky@katten.com>>; Lo, Zoe
<<zoe.lo@katten.com>>
**Subject:** CFTC v. New York - Gemini motion to intervene

[EXTERNAL]

Counsel,

We represent Gemini Titan LLC.  Gemini is planning to seek leave to intervene in the CFTC v. New York case (26-cv-03404).  We'll be filing a pre-motion letter, hopefully today or tomorrow.

Do you have a few minutes today to discuss your position on the motion?

Thank you,
Sarah

**Sarah Weber**
Partner

# Katten

Katten Muchin Rosenman LLP
525 W. Monroe Street | Chicago, IL 60661-3693
direct +1.312.902.5251
sarah.weber@katten.com | katten.com
Bio | vCard

========================================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive
use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you
are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original
message without making any copies.
========================================================================
NOTIFICATION: Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has
elected to be governed by the Illinois Uniform Partnership Act (1997).
========================================================================

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail

in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.