

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

---

June 12, 2026

**By ECF**

The Hon. Barbara C. Moses
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:    *United States v. State of New York*, 1:26-cv-3404

Dear Judge Moses:

This Office represents Defendants in the above-referenced action.  Pursuant to Your Honor's Individual Rules I(2)(d) and (e), Defendants respectfully submit this letter in opposition to non-party Coinbase Financial Markets, Inc.'s ("Coinbase") request for a premotion conference and proposed motion to intervene (ECF No. 61) ("Letter").  Intervention is not warranted.

<u>Scope of Coinbase's Proposed Intervention</u>

Coinbase operates an illegal online gambling operation in New York.  On April 21, 2026, this Office commenced a state court action against Coinbase in connection with its illegal activities.  Coinbase removed that action to federal court and a motion to remand to state court is sub judice.  *People Of The State Of New York, By Letitia James v. Coinbase Financial Markets, Inc.*, 1:26-cv-03300-VM (SDNY), ECF No. 14.  Coinbase filed a premotion letter, seeking consolidation of its own case with this one on May 4, 2026.  Consideration of that request is adjourned until the Court rules on the remand motion.  (*Id.*, ECF No. 26.)

Plaintiffs commenced this action on April 24, 2026, seeking to disrupt New York's ability to exercise lawful authority over entities like Coinbase by asserting a single as-applied federal preemption claim over certain state laws.  (ECF No. 1.)  Plaintiffs filed a motion for preliminary injunctive relief on May 1, 2026.  (ECF No. 34).  Coinbase filed its Letter on June 10.  Plaintiffs submitted their reply brief on preliminary injunctive relief on June 11.

Coinbase states that the purpose of its proposed intervention includes filing a 15-page brief and 10-page declaration "in support of [Plaintiffs'] preliminary-injunction motion promptly once authorized by the Court, ***without altering the existing briefing schedule***." (ECF 61 at 2 (emphasis added); ECF 61-1.)  This representation is incorrect.  Plaintiffs have already filed their reply.  An additional brief ***adds*** to the existing briefing schedule.  And Defendants would be severely prejudiced if, as Coinbase seems to imply, Defendants should not be afforded any opportunity to respond.

---

<u>Intervention as-of-right is not warranted under Fed. R. Civ. P. 24(a)(2)</u>

Intervention under Rule 24(a)(2) is granted only when an applicant satisfies its burden to meet **<u>all four requirements</u>**: "(1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by the other parties." *United States v Pitney Bowes, Inc*., 25 F3d 66, 70 (2d Cir 1994).  None of these factors is met.

Addressing the fourth element first, Coinbase fails to show that its alleged interests are not adequately represented by Plaintiffs.  Significantly, "[w]hile the burden to demonstrate inadequacy of representation is generally speaking minimal, **<u>the Second Circuit has demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective</u>**."  *Bldg. and Realty Inst. of Westchester and Putnam Ctys., Inc. v. New York*, 2020 WL 5667181, at *5 (S.D.N.Y. Sept. 23, 2020) (alternation and citation omitted) (emphasis added) (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001)); *see also X Corp. v James*, 2026 WL 276118, at *3 (S.D.N.Y. Feb. 3, 2026) (same); *In re Enf't Of Philippine Forfeiture Judgment Against All Assets Of Arelma, S.A.*, 153 F.4th 142, 168 (2d Cir 2025) (affirming denial of intervention where the party and the proposed intervenor "have the same objective here").  While "not an exhaustive list…evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy."  *Butler,* 250 F.3d at 180.

Coinbase concedes that it has the same objective as Plaintiffs and that its interests are entirely aligned with Plaintiffs.  (ECF 61 at 2.)  Coinbase also fails to make any argument that overcomes the presumption of adequacy.

Instead, Coinbase chooses to focus on a factor of permissive intervention (not intervention as of right), (*see* ECF 61 at 3, citing *Bldg. and Realty Inst. of Westchester and Putnam Ctys., Inc. v. State of New York*, 2020 WL 5658703, at *5, *11 (S.D.N.Y. Sept. 23, 2020)), and claims it would add a "distinct perspective" by pointing to a number of (most definitely disputed) factual representations about its own alleged irreparable harm.  (ECF 61 at 2-3; ECF 61-1.)  Coinbase's authority considers "whether [the] parties seeking intervention will significantly contribute **<u>to full development of the underlying factual issues</u>** in the suit and to the just and equitable adjudication of the legal questions presented." 2020 WL 5658703, at *5 (quotation and citation omitted) (emphasis added).  It has not met its burden to demonstrate such permissive factors here.  *See X Corp.,* 2026 WL 276118, at *3-4.  Nor does Coinbase's argument reconcile with the fact that that a claim of inadequate representation cannot be premised simply on the contention that the prospective intervenor has a different motive to litigate.  *Nat. Resources Defense Council, Inc. v. New York State Dept. of Envtl. Conservation*, 834 F.2d 60, 61-62 (2d Cir 1987).  Any claim that Plaintiffs' "sovereign and regulatory interests" do not create a basis to protect Coinbase's "real-world" harms (ECF 61 at 2-3) has been rejected by the Second Circuit as grounds for intervention as of right.  834 F.2d at 62.  Without prejudice as to Defendants' view on whether discovery, including from non-parties, may or may not be necessary to adjudicate this case, Coinbase is, at the very least, suggesting it will delay the adjudication of preliminary injunctive relief through the

Hon. Barbara C. Moses
Page 3 of 5
June 12, 2026

time necessary to develop a factual record without satisfying the legal basis for doing so under Rule 24.  Because Coinbase's interests are aligned and fails to overcome the presumption of adequacy, intervention should be denied.

Second, Coinbase's motion is untimely.  Courts generally consider: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.  *United States v. N.Y.*, 820 F.2d 554, 557 (2d Cir. 1987).  None of the factors is satisfied.

The Letter comes 47 days after the commencement of this litigation and 41 days after Plaintiffs filed for preliminary injunctive relief.  The Letter was filed the *day before* Plaintiffs filed their reply.  Coinbase was on notice for more than *six weeks.*  In the Second Circuit, such delay renders Coinbase's motion untimely.  *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 381, 390 (2d Cir. 2006) (delay in filing "until the eve of the preliminary injunction hearing" rendered motion untimely).  Coinbase provides no reason for its delay and makes no attempt to distinguish *MasterCard* despite it being binding Second Circuit caselaw.[1]  Coinbase's cases do not concern a belated intervention in a pending preliminary injunction motion.  (ECF 61 at 2-3.)  And the potential delay caused by Coinbase's eleventh-hour motion is even greater as it seeks to intervene primarily to insert factual assertions and harm arguments.  Upon review, Defendants may need to seek discovery on those allegations before they can draft their opposition brief.  *See, e.g., Ramos v. Samuels*, 2026 WL 1134800, at *2 (S.D.N.Y. Apr. 27, 2026) ("Absent that discovery, the parties would be unable to test, and the Court would remain unable to evaluate, Plaintiff's claim of irreparable harm.").  The timing therefore greatly prejudices Defendants.  Denial does not prejudice Coinbase, however, because it is presently adjudicating the same preemption issues in its own case, as set forth below.

Third, Coinbase lacks a cognizable interest in intervening.  Rule 24(a)(2) requires an interest that is "direct, substantial, and legally protectable." *Floyd v. City of New York*, 302 F.R.D. 69, 101 (S.D.N.Y. 2014) (quoting *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)).  Such interest "must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit." *Floyd* 302 F.R.D. at 101 (quotation and citation omitted).

Coinbase cannot use this litigation to manufacture legally protectable interests.  If *People v. Coinbase* is remanded, Coinbase will have no right or ability to obtain the injunction sought by Plaintiffs, among other reasons, because Coinbase is barred under *Younger* abstention and Anti-Injunction Act.  *See generally Disability Advocates, Inc. v N.Y. Coalition for Quality Assisted Living, Inc.*, 675 F.3d 149, 161 (2d Cir 2012) ("Because Rule 24 cannot extend federal jurisdiction[,] ... intervention as of right cannot be used to circumvent Younger [v. Harris, 401 U.S.

---

[1] To the extent Coinbase points to a meet and confer process with Defendants concerning a potential amicus brief in lieu of intervention between May 21 and May 29, a June 2 request to intervene by Coinbase (*i.e.* June 10 minus the 8 days between May 21 and May 29) would also have been untimely.  *See* Exhibits 1 and 2.  Defendants note that any meet and confer process was abandoned no later than May 29 when Coinbase failed to respond to counsel's May 29 email asking when it planned to file an amicus.  It was only 11 days later, on June 10, on the eve of Plaintiffs' reply brief, that Coinbase advised Defendants of their apparently revived interest in intervening.

Hon. Barbara C. Moses                                                        Page 4 of 5
June 12, 2026

37…(1971)] abstention." (quoting *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005)). *See also Gould v United States*, 2012 WL 75425, at *1-2 (S.D.N.Y. Jan. 4, 2012) (considering Anti-Injunction Act, proposed intervenors will suffer no prejudice where "intervention in this proceeding would not necessarily have any effect whatsoever on the state court proceeding"). Coinbase cannot use *this* litigation to manufacture jurisdiction or legally protectable interests where none exist.  This counsels in favor of awaiting the Court's decision on remand before deciding Coinbase's motion to intervene.  Coinbase's reliance on *United States v. Connecticut*, 26-cv-498 (D. Conn. May 27, 2026), Dkt. #60, is inapposite; it does not concern an underlying state court litigation and the motion to intervene was unopposed and based on a joint stipulation.  (*Id.,* Dkt. #24-2.)

And while Coinbase's motion to consolidate is adjourned until the Court determines whether to remand *Coinbase v. New York* back to state court, intervention effectively end-runs the Court's consideration of these issues that it has already adjourned.

Finally, Coinbase cannot demonstrate that denial of intervention will impair its ability to protect its interests.  *Visa*, 471 F.3d at 390; *see also United States v. City of N.Y.*, 198 F.3d 360, 367 (2d Cir. 1999) ((affirming denial that did not "foreclosure of opportunities for appellants to seek to vindicate their claims in more appropriate settings").  Coinbase admits it raises the same federal preemption objection in *People v. Coinbase*.  (ECF 61 at 2.)

<u>Permissive intervention is also not warranted under Fed. R. Civ. P. 24(b)(1)(B)</u>

Permissive intervention is within the Court's discretion when a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  For the reasons set forth above, Coinbase fails to satisfy any of the relevant factors. *See X Corp.,* 2026 WL 276118, at *3-4.  In addition, allowing Coinbase to intervene would encourage intervention by other entities, leading to further costs and delays without any substantial benefit to this Court or the existing parties. *See Nat'l Sci.*, 2025 WL 1793858, at *6.

Finally, intervention should be denied on futility grounds. *See In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.*, 2008 WL 2594819, at *5 (S.D.N.Y. June 26, 2008) (collecting cases).  As noted above, if *People v. Coinbase* is remanded back to state court, Coinbase will not have a viable claim as an intervenor. In addition, Defendants submit that Coinbase would not be able to demonstrate a likelihood of success on the merits or survive a motion to dismiss.

For these and other reasons, Coinbase cannot demonstrate it meets the requirements for intervention.  The premotion conference should be denied or held in abeyance until the Court rules on the pending motion to remand.

Defendants thank the Court for its attention to this matter.

Hon. Barbara C. Moses                                                        Page 5 of 5
June 12, 2026

                                          Respectfully submitted,

                                          /s/ *Katherine Rhodes Janofsky*____
                                          KATHERINE RHODES JANOFSKY
                                          Assistant Attorney General
                                          28 Liberty Street, New York, NY 10005
                                          212-416-8621
                                          Katherine.Janofsky@ag.ny.gov

cc (by ECF): All counsel of record


### WORD COUNT CERTIFICATION

In accordance with Individual Practices Of Magistrate Judge Barbara C. Moses Rule I(d), I hereby certify this letter contains 1,995 words (including footnotes), exclusive of the address lines, case caption, salutation and signature block, as established using the word court function of Microsoft Word.

                                          /s/ *Katherine Rhodes Janofsky*____