# **<u>Exhibit 2</u>**

| | |
|---|---|
| **From:** | Estes, Jordan |
| **To:** | Janofsky, Katherine; Gopnik, Trevor; Manley, Zachary |
| **Cc:** | Dubin, Yaira; Berke, Barry H. |
| **Subject:** | Re: CFTC v. NY, 26-cv-03404-VM |
| **Date:** | Wednesday, June 10, 2026 2:40:26 PM |

Just responded to that one. Thanks, Kate.

**Jordan Estes**
Partner

T: +1 212.351.3906
JEstes@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Wednesday, 10 June 2026 14:08:05
**To:** Estes, Jordan <JEstes@gibsondunn.com>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM

Jordan,

The last email in our chain is from Fri 5/29/2026 3:42 PM.  Would you please reply to that email with your text below so that the parties' correspondence is all in one place?

I am in court in Kings County court until about 3:30 this afternoon (unrelated matter) – I will respond to you before COB.

Thanks,
Kate

Kate Rhodes Janofsky
Deputy Section Chief | Assistant Attorney General
Office of the New York State Attorney General
State Counsel | Litigation Bureau | Commercial and Transportation Agencies Section
28 Liberty Street, 17th Floor| New York, NY 10005
Tel: (212) 416-8621 | Katherine.Janofsky@ag.ny.gov
she/her/hers

**From:** Estes, Jordan <JEstes@gibsondunn.com>
**Sent:** Wednesday, June 10, 2026 12:44 PM

**To:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** Re: CFTC v. NY, 26-cv-03404-VM

Kate: We now plan to move to intervene, as originally contemplated.  Based on our conversations, I assume you oppose, but let us know if that has changed. We will file today. Thank you.

**Jordan Estes**
Partner

T: +1 212.351.3906
JEstes@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Friday, May 29, 2026 1:45 PM
**To:** Estes, Jordan <JEstes@gibsondunn.com>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM

**This Message Is From an External Sender**
This message came from outside your organization.

Jordan, Trevor,

When last we spoke, I was under the impression that I would be getting draft amicus papers from you at the end of this week.  I am surprised that I have not heard from you.  Please advise.

Kate Rhodes Janofsky
Deputy Section Chief | Assistant Attorney General
Office of the New York State Attorney General
State Counsel | Litigation Bureau | Commercial and Transportation Agencies Section
28 Liberty Street, 17th Floor| New York, NY 10005
Tel: (212) 416-8621 | Katherine.Janofsky@ag.ny.gov
she/her/hers

---

**From:** Janofsky, Katherine
**Sent:** Tuesday, May 26, 2026 12:18 PM

**To:** Estes, Jordan <JEstes@gibsondunn.com>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM

Jordan,

It was good speaking to you and Trevor.

Per our call, it is my experience that, unless we oppose a motion for leave to file an amicus, we do not typically do not take a position on the motion for leave itself.   I disagree that "no position" is the same as "opposition."  If you are able to send me the draft amicus brief, I can advise as to whether or not our office would oppose leave or take no position on leave.  Based on your representations, and as I already advised in writing on Friday, it is my strong expectation we would take no position, but without the brief itself, I cannot waive Defendants' ability to oppose.  Although you have stated otherwise, it is my experience that a request to consent for leave to file an amicus is accompanied by a brief -- as I am sure you can appreciate, parties need to see what they are agreeing to.  Moreover, until I see your draft amicus brief, it is difficult for me to assess what briefing schedule would be reasonable to oppose any arguments made in an amicus. If you are seeking affirmative consent to file this amicus, as opposed to no position, as discussed, upon receipt of your brief, we can look at that, but it will take more time to review.

We learned of your intention to file a motion to intervene on Thursday, which changed to a request to file leave to appear as an amicus on Friday.  You have indicated you are not ready to share an amicus brief.  If Coinbase is able to share a draft later this week for us to review and form a position on a reasonable briefing schedule, Defendants will, in good faith, review it and get back to you with their position.  As to intervening, we have raised a number of issues, including regarding timing, and we would oppose intervention, and also seek an ajournment of the pre-motion conference.  Because the parties are proceeding in good faith, if, after reviewing a draft amicus brief, Defendants determine they would oppose a motion for leave to file an amicus, rather than take no position, and after hearing back from me, based on that information Coinbase then instead files a pre-motion letter to intervene within two business days rather than proceed by amicus, Defendants will forgo arguing that time spent preparing the amicus (between Friday and later this week, presumably) contributed to the overall untimeliness of the motion to intervene.

Thank you,
Kate

Kate Rhodes Janofsky
Deputy Section Chief | Assistant Attorney General
Office of the New York State Attorney General
State Counsel | Litigation Bureau | Commercial and Transportation Agencies Section

28 Liberty Street, 17   Floor| New York, NY 10005

Tel: (212) 416-8621 | Katherine.Janofsky@ag.ny.gov

she/her/hers

---

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Tuesday, May 26, 2026 8:31 AM
**To:** Estes, Jordan <JEstes@gibsondunn.com>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** Re: CFTC v. NY, 26-cv-03404-VM


Ok.  I'm free for a call at 10:30

---

**From:** Estes, Jordan <JEstes@gibsondunn.com>
**Sent:** Friday, May 22, 2026 9:05 PM
**To:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM


I'm flexible 9:30-11:30. Have a nice weekend.

**Jordan Estes**
Partner

T: +1 212.351.3906
JEstes@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Friday, May 22, 2026 6:43 PM
**To:** Estes, Jordan <JEstes@gibsondunn.com>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** Re: CFTC v. NY, 26-cv-03404-VM


Yes.  I appreciate the good faith discussion. Please send me some times for Tuesday morning after 9:30 AM.

Kate

---

**From:** Estes, Jordan <JEstes@gibsondunn.com>
**Sent:** Friday, May 22, 2026 6:30 PM
**To:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** Re: CFTC v. NY, 26-cv-03404-VM

Kate: Given the good faith discussion on this, we're going to table filing tonight. Can we discuss Tuesday morning?

**Jordan Estes**
Partner

T: +1 212.351.3906
JEstes@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Friday, May 22, 2026 6:24:55 PM
**To:** Estes, Jordan <JEstes@gibsondunn.com>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM

Jordan,

So I understand – are you proposing two weeks to respond from the date the Court's grants your motion from leave to file or two weeks from something else?  Do you have a sense of timing on when you will file your motion for leave?  That may or may not be acceptable for Defendants depending on how many days there are between the filing of our opposition briefing and the filing of our response to your amicus.  We need adequate time to do both to avoid being prejudiced.  That is why am trying to get a clear understanding of the impact on the calendar.  I appreciate that you are willing to discuss; that is essentially the clarity I need, but happy to discuss, as well.

To your second point, I can repeat again, as written below, that I can preview that if you can provide satisfactory answers on these two questions, it is my strong expectation that Defendants will not oppose/ take no position on the motion for leave to file.  I do not use "strong expectation" lightly.  If you are, for example, in a position to share a brief next week, I do not see the urgency on filing a pre-motion letter to intervene tonight, particularly given that it could alleviate significant unnecessary motion practice and expense, but it is up to you and your clients how to wish to proceed.  If you file a pre-motion letter to intervene, Defendants will seek an extension to respond until two business days until after our PI opposition papers are filed, which is reasonable, as intervention presents many new legal issues.  I will share with you that Plaintiffs take no position on a request for such an extension.

Thanks,

Kate


Kate Rhodes Janofsky

Deputy Section Chief | Assistant Attorney General

Office of the New York State Attorney General

State Counsel | Litigation Bureau | Commercial and Transportation Agencies Section

28 Liberty Street, 17th Floor| New York, NY 10005

Tel: (212) 416-8621 | Katherine.Janofsky@ag.ny.gov

she/her/hers

---

**From:** Estes, Jordan <JEstes@gibsondunn.com>
**Sent:** Friday, May 22, 2026 5:20 PM
**To:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM

Katherine,

We'd suggest two weeks to respond to an amicus brief, but we're happy to discuss.

We are asking whether—in principle—you'd agree to us filing an amicus brief, so we can evaluate whether to proceed with the premotion letter on intervention.  The brief would focus on the harm to Coinbase.  We would make the request to the Court with the proposed brief.

Thanks,

Jordan

**Jordan Estes**
Partner

T: +1 212.351.3906
JEstes@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Friday, May 22, 2026 4:47 PM
**To:** Estes, Jordan <JEstes@gibsondunn.com>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM

Hi Jordan,

It sounds like we are now discussing an amicus brief.

As indicated below, I need more information.  I need to know what briefing schedule you would propose on responding to the substance of your amicus.  In addition, such a request is typically accompanied by the proposed brief.  Are you prepared to send that now or are you making this request without an intent to provide one first?  I can certainly circulate and review, but I am not sure that you are in a position to provide a draft yet.  With that said, I can preview that if you can provide satisfactory answers on these two questions, it is my strong expectation that Defendants will not oppose/ take no position on the motion for leave to file.

Kate Rhodes Janofsky

Deputy Section Chief | Assistant Attorney General

Office of the New York State Attorney General

State Counsel | Litigation Bureau | Commercial and Transportation Agencies Section

28 Liberty Street, 17th Floor| New York, NY 10005

Tel: (212) 416-8621 | Katherine.Janofsky@ag.ny.gov

she/her/hers

---

**From:** Estes, Jordan <JEstes@gibsondunn.com>
**Sent:** Friday, May 22, 2026 4:00 PM
**To:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM

Katherine,

So that we can evaluate how to proceed, could you please let us know whether you would take a position if we seek leave to file an amicus brief?

Thank you.

Best,

Jordan

**Jordan Estes**
Partner

T: +1 212.351.3906
JEstes@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Friday, May 22, 2026 2:49 PM
**To:** Estes, Jordan <JEstes@gibsondunn.com>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM

Jordan,

Thank you for your responses.  I have conferred with my clients despite the short notice.

Despite our request for further clarification of the basis of Coinbase's position, the response in your paragraph regarding the basis for intervention contained nothing more than a recitation of the operative provisions, a single sentence that does not address all the relevant factors. You have also not adequately addressed our concerns that is an effort to obtain consolidation by other means, which the court has already adjourned in your pending case.  We will review your pre-motion letter once filed and advise if it has any effect on our position, but based on the information provided your email below, Defendants would oppose.

In light of your plan to file by COB today, we plan to request that the court extend Defendants' time to response to your pre-motion letter until 2 business days after the opposition to the PI is due, as Defendants' time and resources are necessarily focused on those papers.  Given the lack of urgency underlying your request, there is no prejudice to Coinbase.

As an alternative to intervention, Defendants would, in good faith, consider a request to take no position (not oppose) Coinbase seeking leave to file an amicus brief with an agreed upon briefing schedule to respond.  Proceeding as an amicus seems to get you everything you say you want below rather than intervention.  An amicus by Coinbase would prolong adjudication of the PI, but likely less so than unnecessarily litigating an attempt at intervention, and clearly at lower costs to the parties and the court.

Please advise if you will seek Defendants' position on leave to file an amicus brief and what your proposed briefing schedule would be.  If not, and you still intend to file a pre-motion letter to intervene, please advise if you agree that Defendants' time to respond to your pre-motion letter be extended to two  business after the opposition to the PI is filed.

Respectfully,

Kate Rhodes Janofsky

Deputy Section Chief | Assistant Attorney General

Office of the New York State Attorney General

State Counsel | Litigation Bureau | Commercial and Transportation Agencies Section

28 Liberty Street, 17th Floor| New York, NY 10005

Tel: (212) 416-8621 | Katherine.Janofsky@ag.ny.gov

she/her/hers

---

**From:** Estes, Jordan <JEstes@gibsondunn.com>
**Sent:** Friday, May 22, 2026 6:17 AM
**To:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** Re: CFTC v. NY, 26-cv-03404-VM

Yes.

**Jordan Estes**
Partner

T: +1 212.351.3906
JEstes@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Thursday, May 21, 2026 10:02:53 PM
**To:** Estes, Jordan <JEstes@gibsondunn.com>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM

Hi Jordan,

Thank you for your responses.  I will take that back to my clients in good faith and follow up with you by 5:00 PM tomorrow as outlined below.  On my outstanding question, for clarification, is it also your intention to file briefing on the PI?

Thanks,

Kate Rhodes Janofsky

Deputy Section Chief | Assistant Attorney General

Office of the New York State Attorney General

State Counsel | Litigation Bureau | Commercial and Transportation Agencies Section

28 Liberty Street, 17th Floor| New York, NY 10005

Tel: (212) 416-8621 | Katherine.Janofsky@ag.ny.gov

she/her/hers

---

**From:** Estes, Jordan <JEstes@gibsondunn.com>
**Sent:** Thursday, May 21, 2026 9:05 PM
**To:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>; Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM

Hi Katherine,

Yes, Coinbase intends to file a pre-motion letter. Coinbase intends to move under Rule 24(a)(2) (intervention as of right) and Rule 24(b)(1)(B) (permissive intervention). Coinbase is a named target of the state enforcement action that the CFTC is seeking to enjoin, giving it a direct and substantial interest in the motion.

Coinbase's request is distinguishable from the consolidation motion because it seeks only limited intervention to support the PI motion. Intervention under Rule 24 is a distinct procedural vehicle for limited non-party participation, and Coinbase's basis for seeking intervention does not depend on whether the Coinbase action remains in federal court or is remanded. Coinbase would have the right to intervene irrespective of whether the separate action is being litigated in state or federal court.

Please let us know your position when possible. As noted, we intend to file by COB tomorrow.

Thank you.

Best,

Jordan

**Jordan Estes**
Partner

T: +1 212.351.3906
JEstes@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>
**Sent:** Thursday, May 21, 2026 8:29 PM
**To:** Gopnik, Trevor <TGopnik@gibsondunn.com>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Estes, Jordan <JEstes@gibsondunn.com>; Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** RE: CFTC v. NY, 26-cv-03404-VM

Hi Trevor,

Nice to meet you, too.  I am in receipt of your email.  I assume you mean that Coinbase intends to file a pre-motion letter (rather than a motion) to intervene pursuant to Judge Marrero's rules.

You would like to know Defendants' position and whether Defendants intend to oppose, but you have not provided any grounds or identified which section of FRCP 24 upon which you intend to rely.  Can you please provide the grounds and basis for your pre-motion letter to intervene?  To extent you intend to "support" the CFTC's preliminary injunction motion, is it also your intention to file briefing on the PI?

Any insight you could provide on why this is not procedurally equivalent to your client's pre-motion to consolidate that is presently adjourned until the Court's decision on the pending remand motion in your case would also be helpful, as I am likely to get asked that question.

As you know, we represent a large number of Defendants across multiple state agencies and the executive.  A response time of less than 24 hours is difficult to accommodate, but I will endeavor in good faith to reach all of my client groups and respond to you before 5:00 PM tomorrow (the start of the holiday long weekend) to let you know Defendants' position.  If I have not reached them all, I will also let you know.

Please send your grounds and basis for intervention and your view of the procedural posture, so that I may advise my clients and I will get back to you.

Respectfully,

Kate Rhodes Janofsky

Deputy Section Chief | Assistant Attorney General

Office of the New York State Attorney General

State Counsel | Litigation Bureau | Commercial and Transportation Agencies Section

28 Liberty Street, 17th Floor| New York, NY 10005

Tel: (212) 416-8621 | Katherine.Janofsky@ag.ny.gov

she/her/hers

---

**From:** Gopnik, Trevor <TGopnik@gibsondunn.com>
**Sent:** Thursday, May 21, 2026 6:00 PM
**To:** Janofsky, Katherine <Katherine.Janofsky@ag.ny.gov>; Manley, Zachary <Zachary.Manley@ag.ny.gov>
**Cc:** Estes, Jordan <JEstes@gibsondunn.com>; Dubin, Yaira <YDubin@gibsondunn.com>; Berke, Barry H. <BBerke@gibsondunn.com>
**Subject:** CFTC v. NY, 26-cv-03404-VM

**[EXTERNAL]**

Katherine, Zachary—nice to meet you both. I and my colleagues cc'd here represent Coinbase. We wanted to let you know ahead of time that we intend to move to intervene in support of the CFTC's pending PI in SDNY case *26-cv-3404* tomorrow. Please let us know your position and whether you intend to oppose. We intend to file by COB tomorrow. Thank you.

Best,

**Trevor Bondy Gopnik**
Associate Attorney

T: +1 212.351.6356 | M: +1 347.971.1294

TGopnik@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the

intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm

and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.