

August 4, 2026

**By ECF**
The Hon. Victor Marrero
United States District Court for the Southern District of New York

Re: *United States v. New York.,* 26-CV-3404. Opposition to Consolidation Pre-Motion Letter

Dear Judge Marrero:

This Office represents Defendants in the above-captioned action. Pursuant to Your Honor's Individual Rules of Practice II(A)(2), Defendants respectfully submit this letter in opposition to Plaintiffs' letter request (ECF 120) that the Court consolidate this action with *People of the State of New York v. KalshiEX LLC*, 26-cv-06550-UA ("Kalshi Special Proceeding").[1] The Court should decline consolidation because Plaintiffs have failed to meet their burden of demonstrating that consolidation would promote judicial economy or do so without prejudice to the existing parties.[2] Moreover, the Court should hold Plaintiffs' request for a conference in abeyance until the Court has ruled upon OAG's forthcoming and soon-to-be-filed motion to remand the Kalshi Special Proceeding back to state court, as it did in the case of a similar request brought by non-party Coinbase Financial Markets, Inc. to consolidate the Coinbase and Gemini Special Proceedings with this action. 26-cv-03300-VM, Dkt. 26 ("After careful consideration of this request… the Court adjourns Coinbase's request for a pre-motion conference on its anticipated motion to consolidate until the Court rules on OAG's motions to remand this action and the <u>Gemini</u> Action back to state court.").

**<u>Consolidation is Improper Because the Kalshi Special Proceeding Raises Threshold Dispositive Jurisdictional Issues That Do Not Exist Here.</u>** "[A] court must have jurisdiction over a case before it can start applying procedural mechanisms like consolidation." *Washington v. Burley*, No. 3-12-154, 2012 WL 5289682, at *2 (S.D. Tex. Oct. 23, 2012). It would be improper for the Court to consolidate actions over which it does not have subject matter jurisdiction. *Nationwide Gen. Inc. Co. v. Cela*, No. 16-cv-02054, 2017 WL 53690, at *4 (D. Conn. Jan. 4, 2017) (Rule 42(a) "requires that both actions be pending before the court, and an improperly removed action does not meet that criterion") (cleaned up); *Island Farms, LLC v. UMB Bank, N.A.*, No.

---

1 An August 3, 2026 docket entry by the Clerk notes "CASE REFERRED to Judge Analisa Torres as possibly related to [*KalshiEX LLC v. Williams et al.,*] 25cv8846." Defendants further note that statements of relatedness were also filed in connection with *United States v. New York*, 26-cv-03404; *People of the State of New York v. Coinbase Financial Markets*, 26-cv-03300 ("Coinbase Special Proceeding"); and *People of the State of New York v. Gemini Titan, LLC*, 26-cv-03318 ("Gemini Special Proceeding"), which are all presently pending before Your Honor.

2 With Plaintiffs' consolidation request, there are now attempts to consolidate this action with *four* other cases, each involving different non-parties, in addition to three proposed motions to intervene also presently pending.

3:21-CV-721, 2024 WL 1259258, at *2 (S.D. Miss. Mar. 25, 2024) ("[J]urisdictional issues should generally be addressed before consolidation [.]") (citing *Burley*, 2012 WL 5289682, at *2).

The Kalshi Special Proceeding commenced in state court and was improperly removed by non-party KalshiEX LLC. Consistent with briefing submitted in the Coinbase and Gemini Special Proceedings, OAG intends to file a motion to remand stating, *inter alia,* that there is no valid basis for removal, including that there are no federal questions or any other basis for federal court subject matter jurisdiction. *See, e.g.,* Coinbase Special Proceeding ECF No. 15; Gemini Special Proceeding ECF No. 14. If Kalshi's removal is found to have been improper, then Plaintiffs' motion to consolidate here would also be improper for the same reasons, and the Court would have no need to address the other factors under Federal Rule of Civil Procedure 42(a), discussed *infra*. Accordingly, this Court should decline to consider consolidation until after any motion to remand the Kalshi Special Proceeding is decided.[3]

**Plaintiffs Have Not Established That Consolidation Is Appropriate Under Fed. R. Civ. P. 42(a)**. The Court may, in its discretion, consolidate actions that involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a)(2); *Ekpe v. City of New York*, 2021 WL 5999204, at *2 (S.D.N.Y. Dec. 20, 2021). Although consolidation may be warranted "to avoid unnecessary costs or delay," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), "these objectives cannot be pursued at the sacrifice of fairness to all the parties." *Webb v. Goord*, 197 F.R.D. 98, 101 (S.D.N.Y. 2000) (citing *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993)). Rather, judicial economy must be balanced against "any delay, confusion, or prejudice that might result from such consolidation." *Sheet Metal Contractors Ass'n. v. Sheet Metal Workers' Int'l*, 978 F. Supp. 529, 531 (S.D.N.Y. 1997). Plaintiffs bear the burden of demonstrating that consolidation is warranted. *Ekpe*, 2021 WL 5999204, at *2. As discussed *infra*, the relevant factors weigh against consolidation.

*Consolidation Would Not Promote Judicial Economy or Avoid Costs.* Plaintiffs assert only the conclusory argument that "[c]onsolidation will promote judicial economy, avoid duplicative proceedings, conserve the resources of the Court and the parties, and eliminate the risk of inconsistent rulings," (ECF 120 at 3), without explaining how and without identifying any such efficiencies or benefits to be gained. At base, the two actions are conceptually distinct: the Kalshi Special Proceeding is civil enforcement, with fact-specific issues concerning one non-party defendant that raises, *inter alia*, a defense of preemption. The instant action, however, is a broad-based challenge at equity to enforcement of New York state gaming laws against certain kinds of entities. And, in the S.D.N.Y., these two actions do not necessarily even share *one* question of law: it will not be necessary for a federal court to rule on the merits of Kalshi's Supremacy Clause defense to decide the remand motion and it will not be necessary for this Court, in resolving this

---

[3] Numerous courts have remanded state enforcement actions against Kalshi and other prediction markets back to state court. *See, e.g.,* Order, *Nessel v. KalshiEx LLC*, No. 26-cv-00731-PLM-PJG (W.D. Mich. June 25, 2026), ECF 20; *Washington v. KalshiEX, LLC*, No. C26-1062-JCC, 2026 WL 1217743 (W.D. Wash. May 5, 2026), stay pending appeal denied, No. 26-3106, ECF 19 (9th Cir. May 21, 2026); *Nevada ex rel. Nevada Gaming Control Bd v. Blockratize, Inc.*, No. 3:26-cv-00089, 2026 WL 579376 (D. Nev. Mar. 2, 2026), stay pending appeal denied, No. 26-1343, ECF 15 (9th Cir. May 21, 2026); *Nevada ex rel. Nevada Gaming Control Bd. v. Kalshiex, LLC*, No. 2:26-cv-00406-MMD-MDC, 2026 WL 579364 (D. Nev. Mar. 2, 2026); Order, *Commonwealth v. KalshiEX LLC*, No. 1:25-cv-12595 (D. Mass. Oct. 28, 2025), ECF 34.

action, to even address the jurisdictional issues present in the Kalshi Special Proceeding. Given these proceedings unique natures, Plaintiffs also fail to explain how, on a practical level, consolidation of these two cases will result in any efficiencies, such as through consolidated pleadings, joint papers, or otherwise.

Moreover, there is also no avoidance of duplicative proceedings to be gained by consolidating these two actions. As noted *supra*, OAG will move to remand in the Kalshi Special Proceeding. In this action, briefing of the CFTC's motion for a preliminary injunction is already complete. Treatment of these separate motions, by separate parties, weighs against consolidation. *See Marshall v Natl. Assoc. of Letter Carriers Br. 36,* 00 CIV. 3167 (LTS), 2003 WL 223563, at *4 (SDNY Feb. 3, 2003) (declining to consolidate actions where the parties had already briefed motions to dismiss separately because it would not serve the interests of justice in light of the pending motion practice). As noted *supra*, the issues raised in OAG's forthcoming remand motion, which concerns jurisdiction, and the CFTC's preliminary injunction motion, which concerns preemption, are substantively different. Thus, there is no economy to be achieved by consolidation.

None of the typical benefits of consolidation for discovery or trial purposes are present here given the disparate parties and claims at issue. Cases finding that discovery efficiency supports consolidation generally involve situations where parties can serve and respond to joint/unified discovery requests. *See, e.g.*, *Stevens v. Hanke*, No. 20 Civ. 8181, 2022 WL 489054, at *3 (S.D.N.Y. Feb. 17, 2022). That will not be the case here, for example, as Defendants cannot serve a single set of discovery requests on Kalshi and Plaintiffs.

*Consolidation Would Result in Substantial Prejudice and Delay.* In contrast to the lack of benefit to be gained by consolidation, combining this action with the Kalshi Special Proceeding will prejudice Defendants. Of the 14 parties across these two actions, only one is common. If *all* outstanding motions to consolidate were granted, 17 parties would have various motions, timelines, and claims at issue, grinding proceedings in this case to a halt, without any substantial benefit to this Court or the existing parties. Consolidation with even just the Kalshi Special Proceeding alone (which is entirely unwarranted) will delay the Court's consideration of the preliminary injunctive relief motion that is already fully briefed, among other delays and prejudice.

Plaintiffs' sole justification for consolidation, beyond their conclusory final paragraph, appears to be simply that they want the Kalshi Special Proceeding to be enjoined. (ECF 120 at 3.) This is not grounds for consolidation. By that logic, every civil enforcement action against non-parties, regardless of inefficiencies or prejudice, should be swept up into singular chaotic actions.

For the foregoing reasons, Defendants respectfully request the Court decline Plaintiffs' request to consolidate under Rule 42(a). Moreover, for the sake of judicial efficiency, Defendants respectfully suggest that the Court should follow the same course it already applied in the Coinbase and Gemini Special Proceedings and hold Plaintiffs' conference request in abeyance until the Court has ruled upon OAG's forthcoming and soon-to-be-filed motion to remand the Kalshi Special Proceeding to state court.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Katherine Rhodes Janofsky*
KATHERINE RHODES JANOFSKY
Assistant Attorneys General
28 Liberty Street
New York, New York 10005
(212) 416-8621
Katherine.Janofsky@ag.ny.gov


cc:      All Counsel of Record (via ECF)