GIBSON DUNN

Jordan Estes
Partner
T: +1 212.351.3906
JEstes@gibsondunn.com

August 24, 2026

VIA ECF
The Honorable Lorna G. Schofield
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: Request for Leave to Participate in Oral Argument in *United States & Commodity Futures Trading Commission v. State of New York, et al.*, No. 26-cv-03404

Dear Judge Schofield:

Proposed-Intervenor Coinbase Financial Markets, Inc. ("Coinbase") submits this letter in connection with the oral argument scheduled for September 14, 2026, on the motion for preliminary injunction filed by the United States and the Commodity Futures Trading Commission (together, "Plaintiffs" or the "federal government"). Order, ECF No. 135. Coinbase respectfully requests leave to participate in that argument to provide its unique perspective as a regulated party.

As background, Coinbase filed a pre-motion letter seeking leave to intervene on June 10, ECF No. 61, and attached as Exhibit A the brief it intends to file in support of Plaintiffs' preliminary injunction motion, ECF No. 61-1. Defendants opposed on June 12, ECF No. 77, and Coinbase replied in support of that request on June 16, ECF No. 88.[1] As those submissions explain, Coinbase satisfies each requirement for intervention as of right under Rule 24(a)(2): its request is timely; it is the named target of one of the very state enforcement actions this suit seeks to enjoin, *see New York v. Coinbase Financial Markets, Inc.*, No. 26-cv-03300 ("Coinbase Action"); the disposition of Plaintiffs' claims will directly determine its continued exposure to enforcement under preempted state law; and the federal government cannot adequately represent Coinbase's distinct interests. Permissive intervention is independently warranted under Rule 24(b)(1)(B) because the Coinbase Action turns on the same question of law: whether event contracts are swaps subject to the CFTC's exclusive jurisdiction. Courts throughout the country have routinely granted motions to intervene in similar actions involving prediction markets and the CFTC. *See, e.g.*, *KalshiEX LLC v. Johnson*, No. 2:26-cv-01715 (D. Ariz. Mar. 12, 2026), ECF Nos. 58-62, 84; *United States v. Connecticut*, No. 3:26-cv-00498-VDO (D. Conn. Apr. 2, 2026), ECF Nos. 24, 60; *KalshiEX LLC v. Furcolo*, No. 1:26-cv-00327 (D.R.I. May 21, 2026), ECF No. 19, June 26, 2026 Minute Entry (granting CFTC's motion to intervene); Minute Entry, *United States v. Illinois*, No.

[1] These filings were made pursuant to Judge Marrero's individual rules because he presided over the case at the time. His rules, like this Court's, require a pre-motion letter. On June 11, the motion was referred to Magistrate Judge Moses. Order, ECF No. 67. Judge Moses offered the parties the option of requesting full briefing but noted that she believed she had "sufficient information to decide the intervention motions without further formal briefing." Order, ECF No. 116. No party requested additional briefing. Accordingly, Coinbase's request to intervene is ripe for review.

1:26-cv-03659 (N.D. Ill. July 14, 2026), ECF No. 66; Minute Order, *United States v. Kentucky*, No. 3:26-cv-00049 (E.D. Ky. Aug. 11, 2026), ECF No. 32.

Coinbase seeks to provide the Court its perspective as a regulated party navigating both the threat of state enforcement and its obligations as a federally registered intermediary. Coinbase will be able to speak to, for example, the irreparable harm it faces absent an injunction, as set forth in its proposed brief and the accompanying declaration of its Chief Executive Officer: lost business and revenue; reputational harm and disruption of customer relationships; competitive disadvantage arising from New York's selective enforcement; and the operational burdens, duplicative compliance costs, and exposure risk that follow from state-by-state regulation of a nationwide federally regulated market. *See* ECF Nos. 61, 61-1. The federal government appears in this case as a sovereign and as the regulator charged with administering the Commodity Exchange Act. Coinbase, by contrast, can speak from its direct experience to how New York's enforcement of preempted state law operates in practice on a regulated intermediary, which bears on the balance of the equities and the public interest.

For the foregoing reasons, Coinbase respectfully requests that the Court grant it leave to participate in the oral argument scheduled for September 14.

Respectfully submitted,

*/s/ Jordan Estes*
Jordan L. Estes
Judson O. Littleton
Yaira Dubin
Barry H. Berke

*Counsel for Coinbase Financial Markets, Inc.*

cc: All Counsel of Record (via CM/ECF)