COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

August 26, 2026

**By CM/ECF**

Hon. Lorna G. Schofield
United States District Court
for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Application **GRANTED**. AGA is granted leave to file a written memorandum of law, not to exceed 3,500 words, in connection with Plaintiffs' motion for preliminary injunction in this case by **September 7, 2026**. Leave is granted for this limited purpose without prejudice to AGA's pre-motion letter to intervene as a defendant.

Dated: August 27, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**Re: *United States v. New York*, No. 1:26-cv-3404 - American Gaming Association's Request for Leave to File a Response to Plaintiffs' Preliminary Injunction Motion**

Dear Judge Schofield:

Proposed Intervenor-Defendant the American Gaming Association ("AGA") writes in accordance with Your Honor's Individual Rule I.B to respectfully seek leave to file a memorandum of law regarding the preliminary injunction motion filed by the United States and the Commodity Futures Trading Commission ("Plaintiffs") in the above-captioned case (ECF Nos. 34, 118). Consistent with the Court's orders authorizing Proposed Intervenor-Plaintiffs Coinbase Financial Markets, Inc. ("Coinbase") and Gemini Titan, LLC ("Gemini") to file additional briefing (ECF Nos. 146, 147), AGA proposes to file its brief, not to exceed 3,500 words, by September 7, 2026.

As background, AGA filed a pre-motion letter seeking leave to intervene as a defendant on July 21, 2026 (ECF No. 106), and filed a reply in support on July 24, 2026 (ECF No. 112). AGA is a non-profit trade association whose members represent the legal, regulated gaming industry—including commercial and tribal casino operators, suppliers, and sports betting operators. AGA's members have invested heavily in New York's gaming market in reliance on the state laws challenged by Plaintiffs: MGM operates Empire City Casino in Yonkers; Delaware North operates Finger Lakes Gaming and Racetrack in Farmington and Hamburg Gaming in Hamburg; BetMGM offers mobile sports betting statewide; and Hard Rock International and Bally's are developing multi-billion-dollar casino projects in Queens and the Bronx, respectively. These companies have spent significant resources obtaining New York gaming licenses, complying with state gaming laws, and paying state gaming taxes. Plaintiffs' claims, if successful, would allow prediction market platforms to offer sports wagers free from those same licensing, compliance, and tax obligations—creating a significant competitive disadvantage for AGA's members.

Because AGA represents the licensed gaming operators that compete with prediction market platforms, like Coinbase and Gemini, AGA offers a unique perspective on the issues pending before the Court that is not otherwise represented in the preliminary injunction briefing. Although the State has offered persuasive responses to Plaintiffs' motion, the State does not adequately represent AGA because it serves as the regulator for AGA's members, not as their advocate. *See In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 803–

04 (2d Cir. 2022); *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 748 (7th Cir. 2020). Courts have recognized this distinction, concluding that the government's sovereign interest in protecting the public welfare necessarily differs from the private economic interests of regulated businesses. *See, e.g.*, *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 321 (D.C. Cir. 2015).

AGA's proposed brief would primarily assist the Court in evaluating the balance of the equities and the public interest, including the economic and consumer protection consequences of allowing prediction market platforms to offer sports wagers in violation of state law. AGA's brief would address the effect of Plaintiffs' requested injunction on regulated gaming operators in New York, who remain subject to the State's licensing, compliance, and tax obligations. *See, e.g.*, *KalshiEX, LLC v. Hendrick*, 2025 WL 1901399, at *1 (D. Nev. June 2, 2025). AGA would also describe the sports wagering landscape and demonstrate how prediction markets' so-called "sports event contracts" are in fact sports bets identical to the wagers offered by state-licensed sportsbooks. And AGA would show how its members have made significant investments under the established regulatory regime, with the reasonable expectation—based on New York's historic police power to regulate gaming, *see Catskill Dev. LLC v. Park Place Entm't Corp.*, 547 F.3d 115, 126 (2d Cir. 2008)—that all competitors will operate under the same rules.

In its motion to intervene, AGA stated that it "does not intend to participate in this Court's resolution of the preliminary injunction motion." ECF No. 106 at 2. AGA made that statement because it moved to intervene after briefing on the preliminary injunction motion had closed, and AGA sought to ensure that its motion would not delay the litigation or prejudice the other parties. Circumstances have since changed. Earlier this week, the Court granted Coinbase and Gemini leave to file memoranda of law regarding Plaintiffs' preliminary injunction motion. *See* ECF Nos. 146, 147. In light of those orders, AGA's participation would not delay the proceedings or prejudice the other parties. On the contrary, AGA's brief would ensure that the Court has the benefit of the regulated gaming industry's distinct perspective and significant expertise on sports betting issues.

AGA's motion to intervene remains pending, and AGA respectfully requests that, consistent with the relief granted Coinbase and Gemini, the Court grant AGA leave to file a brief without prejudice to that pending motion.

Respectfully submitted,

*/s/ Kevin F. King*
David A. Luttinger, Jr.
Kevin F. King (*pro hac vice*)
Matthew J. Glover (*pro hac vice* forthcoming)
Scott J. Garfing (*pro hac vice* pending)
Sameer Aggarwal (*pro hac vice*)

*Counsel for Proposed Intervenor-Defendant American Gaming Association*

cc: All Counsel of Record (via CM/ECF)