**Office of the New York State Attorney General**

**Letitia James**
**Attorney General**

August 31, 2026

**By ECF**
The Hon. Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States et al. v. State of New York et al.*, 26-CV-3404
[rel. 26-cv-3300 and 26-cv-04980]

Dear Judge Schofield:

Pursuant to the Court's Order (ECF 143), Defendants submit this response to Plaintiffs' notice of "supplemental authority" (ECF 137) consisting of the CFTC's August 11, 2026 "Order" (ECF 137-1). CFTC purportedly issued this "Order" pursuant to its "emergency power" after this Court denied Plaintiffs' request for a temporary restraining order on July 31, 2026. (ECF 121, Rakoff, J.) The "Order" should be given no weight on Plaintiffs' preliminary injunction motion ("Motion") because it is irrelevant and has no persuasive or evidentiary value.[1]

**Background**. The "Order" purports to direct Kalshi to "continue to perform its functions as an exchange in accordance with the CEA's Core Principles and its normal practices" notwithstanding any future court order—state or federal—issued in the AG's enforcement action currently pending before Judge Broderick. *People of the State of New York v. KalshiEX*, 26-cv-06550. The CFTC issued this directive because Kalshi speculates its operations would be "enjoined completely" (26-CV-3404, ECF 137-1 at 4) if the AG obtains its requested relief of (1) temporarily restraining Kalshi from "operating an unlawful gambling business … within or from New York or to persons in New York … by … operating a business that offers contracts relating to sports, culture, elections, and other events without obtaining all the required licenses from the New York State Gaming Commission" and/or (2) an order directing Kalshi, *inter alia*, to disgorge certain amounts. (26-cv-06550, ECF 1-3 at 4, 6.) Such characterization is disputed by the AG in the enforcement action (*Id.*, ECF 22 at 2 ("Law-abiding [DCMs] have operated without objection in New York for decades…. The injunction would not prevent Kalshi from offering commodity futures or swap contracts that do not run afoul of federal or state law.").)

***First*, the "Order" does not advance Plaintiffs' merits, irreparable harm, or equitable arguments because it merely sponsors the CFTC's own view of its statutory authority, which has been rejected by multiple courts.** The "Order" is contingent upon the premise that the "event contracts" traded on Kalshi's DCM, including sports event contracts, are "swaps" under the CEA.

[1] Defendants do not, as Plaintiffs suggest, seek judicial review of the "Order" itself.

(26-CV-3404, ECF 137-1 at 2-3.) But numerous federal courts have issued well-reasoned holdings such sports offerings likely are not swaps or other derivatives subject to the CFTC's exclusive jurisdiction, including in the Ninth Circuit, *see, e.g., KalshiEX v. Assad*, 25-7516, 2026 WL 2543846, at *6-16 (9th Cir. Aug. 28, 2026), and another district court's in its denial of Plaintiffs' similar preliminary injunction motion, *United States v. Wisconsin*, 26-C-749, 2026 WL 2474512, at *8-11 (E.D. Wis. July 29, 2026).[2]

The "Order" contravenes these and other persuasive rulings and is not evidence of a purported conflict between federal and state law. *See KalshiEX v. Cafferelli*, 25-CV-2016, 2026 WL 2368931 at *2 (D. Conn. Aug. 15, 2026) (the "Order" is not evidence of a conflict preemption and "ignores" holdings of *KalshiEX v. Williams*, No. 25-CV-8846, 2026 WL 2017466 (S.D.N.Y. July 13, 2026) and *Cafferelli*, 2026 WL 2294589 (D. Conn. Aug. 10, 2026)). Courts have authority to interpret the CEA, including its definition of "swap." *United States v. Phillips*, 155 F.4th 102, 113 (2d Cir. 2025); *Assad*, 2026 WL 2543846, at *6. Nor does the CEA "supersede or limit the jurisdiction conferred on courts of the United States or any state." 7 U.S.C. §2(a)(1)(A). "[I]nterpretation of the statute is a question of law, and…it is the court, and not the administrative agency, that determines its meaning." *Art & Antique Dealers League of Am. v. Seggos*, 121 F.4th 423, 435 (2d Cir. 2024) (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 391 (2024)).

The "Order" is also contingent upon the premise that state gaming laws are preempted by the CEA (137-1 at 5-7, 10). But again numerous federal courts, including *Wisconsin*, 2026 WL 2474512, at *11-13 and *Williams*, 2026 WL 2017466 at *4-9, have correctly held that they are not;[3] through this "Order," the CFTC cannot "dictate" preemption by its own contrary interpretation. *See Cafferelli*, 2026 WL 2368931 at *2 ("Nothing in the CEA takes away statutory interpretation from the Courts, and as an administrative agency, the CFTC lacks the authority to dictate an order that conflicts with this Court's decision.") Nor can the CFTC direct non-compliance with a court order[4] where federal courts have already held that neither Plaintiffs, *see Wisconsin*, 2026 WL 2474512, at *13, nor Kalshi, *see, e.g.*, *id.*; *Williams*, 2026 WL 2017466 at *10, suffer irreparable harm from the enforcement of state gaming laws.

Finally, any directive to function "in accordance with the CEA's Core Principles" necessarily requires Kalshi to refrain from listing sports offerings. *Accord* 7 U.S.C. §7(d)(1)(A)(ii) *with Assad*, 2026 WL 2543846, at *12.

---

[2] Other federal district courts have reached the same conclusion. *See, e.g. Cafferelli*, 2026 WL 2294589, at *6-10; *Coinbase Fin. Mkts. v. Tong*, 2026 WL 2294602, at *2 (D. Conn. Aug. 10, 2026) (adopting *Cafferelli*); *QCX v. Nessel*, No. 1:26-cv-710, 2026 WL 1895958 at *2-9 (W.D. Mich. June 17, 2026); *Coinbase Fin. Mkts. v. Nessel*, 2026 WL 2295184, at *7-10 (E.D. Mich. Aug. 7 2026); *KalshiEX v. Schuler*, No. 2:25-cv-1165, 2026 WL 657004, at *4-7 (S.D. Ohio Mar. 9, 2026). *But see* Defendants' PI Opp. Br. ECF 56 at 30, discussing contrary authority.

[3] *See, e.g., Assad,* 2026 WL 2543846, at *16-17; *KalshiEX v. Schuler*, No. 26-3196, 2026 WL 1295806 (6th Cir. Apr. 24, 2026) (denying injunction pending appeal); *Cafferelli*, at 2026 WL 2294589 at *11-14; *Coinbase*, 2026 WL 2294602, at *2 (adopting *Cafferelli*); *KalshiEX v. Martin*, 793 F. Supp. 3d 667 at 675-686 (D. Md. 2025); *QCX*, 2026 WL 1895958 at *9-*13; *Coinbase*, 2026 WL 2295184, at *10-15; *KalshiEX v. Cox*, 2026 WL 2241564, at *6-14 (D. Utah Aug. 4, 2026). *But see* Opp. Br. ECF 56 at 36-38.

[4] *See Abare v. United States,* 180 Fed Cl 518, 528 n.5 (Fed. Cl. 2026) (quoting *Maness v. Meyers,* 419 U.S. 449, 458 (1975)).

***Second*****, the "Order" does not advance Plaintiffs' merits, irreparable harm, or equitable arguments because is it is not based on the agency's expert and impartial judgment.** "The effective use of the emergency powers requires the careful exercise of expert and impartial judgment by the [CFTC]." 1974 U.S.C.C.A.N. 5894, 5900. The "Order" represents neither. The "Order," issued by the CFTC is not an impartial judgment because its sole function is to advance Plaintiffs' own arguments in this and other litigations, and to manufacture a version of relief Plaintiffs have already been denied here. There is not even clear consequence for non-compliance. *Cafferelli*, 2026 WL 2368931 at *2. And, unlike the few pre-2026 invocations of such emergency powers,[5] all concerning agriculture, the "Order" does not claim to be based on any expert judgment (*e.g.*, CFTC's economists' market analysis, market surveillance data, or any other legitimate source of information). Moreover, although the "Order" cites a July 14, 2026 "emergency" directive that Kalshi defy part of a Michigan state court TRO (ECF 137-1 at 10 n. 20), Kalshi reportedly compiled with the court,[6] and the "Order" cites no evidence that any market disruption ensued.

Simply put, the "Order" is unpersuasive and unprecedented for the CFTC to "find" that people's inability to engage in unlicensed online sports gambling or wager on whether Taylor Swift will meet the Pope creates a market "emergency." *Cf. Assad,* 2026 WL 2543846, at *10 ("[F]or Kalshi to deny that its sports event contracts are sports bets under a reasonable person's understanding is disingenuous…. Kalshi's sports event contracts do not help institutions or investors hedge against risk; they *create* risk, largely for ordinary consumers, where none previously existed."). The "Order's" unstated premise that a lawfully issued court order is an *illegitimate* force of supply and demand, as opposed to a *legitimate* force that is part of the ecosystem in which CEA-regulated markets exist, is similarly unavailing.

Finally, it is equally unpersuasive for the CFTC to suggest that, despite the unlawful nature of Kalshi's offerings at issue, it should effectively be immunized as "too big to fail." The CFTC's September 30, 2025 Staff Advisory Letter, which it later bizarrely withdrew as "moot," "caution[ed]" entities like Kalshi to plan for "State regulatory actions and pending and potential litigation," and provide information "to ensure" that "customers" and others "understand" that such State actions could "result in termination of sports-related event contract positions."[7] Kalshi has been on notice since *at least* October 24, 2025 that its sports wagers are unlawful under New York law, yet it knowingly chose to continue and expand. The "Order" cannot "protect" such conduct any more than it can render it legal.

Defendants respectfully submit that the Court afford the "Order" no weight on the Motion.

---

[5] *See* Reuters, *FACTBOX-Prior CFTC emergency powers used in futures mkts*, (June 27, 2018), *available at* https://www.reuters.com/article/cftc-emergencies/factbox-prior-cftc-emergency-powers-used-in-futures-mkts-idUSN2744054820080627/.

6 *See* Aislinn Keely, *Kalshi Unwound Mich. Trades Before CFTC Order, Court Told*, (July 18, 2026) Law360, *available at* https://www.law360.com/articles/2502987/kalshi-unwound-mich-trades-before-cftc-order-court-told

[7] CFTC Advisory Letter, CFTCLTR No. 25-36 (Sept. 30, 2025) at 2 (Ex. 1); CFTC Advisory Letter, CFTCLTR No. 26-04 (Feb. 4, 2026) (Ex. 2).

Respectfully submitted,

*/s/ Katherine Rhodes Janofsky* ______
KATHERINE RHODES JANOFSKY
Assistant Attorney General
28 Liberty Street, New York, NY 10005

cc (by ECF): All counsel of record

**WORD COUNT CERTIFICATION**

In accordance with the Court's order ECF 143, I hereby certify this letter contains 1495 words (including footnotes), exclusive of the address lines, case caption, salutation, memo line, and signature block, as established using the word court function of Microsoft Word.

*/s/Katherine Rhodes Janofsky*
KATHERINE RHODES JANOFSKY