**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5000
*www.cftc.gov*

The parties shall appear for a telephonic conference on November 20, 2026 at 5:00 P.M. The parties shall call (855) 244-8681 and enter the access code 23111938649.

Dated: November 20, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**Office of the General Counsel**
Andrew J. Weisberg
Senior Assistant General Counsel
aweisberg@cftc.gov
(202) 418-5574

November 20, 2026

**Via ECF**
The Hon. Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

***Re:*** *United States v. State of New York, et al.* (26-cv-3404)
Renewal of Emergency Motion for Temporary Restraining Order

Dear Judge Schofield:

Yesterday, Judge Broderick granted the State's motion to remand its enforcement action against KalshiEX LLC ("Kalshi") to the Supreme Court of New York, New York County. *People of the State of New York v. KalshiEX LLC*, Case No. 1:26-cv-06550 (S.D.N.Y. July 31, 2026), Dkt. No. 25. Before it was removed, New York's enforcement action sought immediately to bar Kalshi from operating "within or from" the State—effectively forcing Kalshi, a designated contract market ("DCM") regulated by the Commodity Futures Trading Commission ("Commission" or "CFTC"), to cease all operations because it is headquartered in New York. *Id.*, Dkt. No. 1-3. Upon the July 30, 2026, expiration of its agreement not to take enforcement action against Kalshi, New York filed a state-court complaint at 12:01a.m. on July 31st and sought an ex parte temporary restraining order enjoining New York-based Kalshi from operating its business nationwide. *People of the State of New York v. KalshiEX LLC*, Index No. 453272/2026 (July 31, 2026), Dkt. No. 1. Today, New York renewed its motion for a temporary restraining order barring Kalshi from operating "within or from" New York—another attempt to fully shutter a CFTC DCM's operations. *Id.*, Dkt. No. 78 (attached as **Exhibit A**). Given these circumstances, and to prevent the resulting disruption to markets and irreparable harm to the federal regulator, plaintiffs renew their emergency motion for a temporary restraining order, Dkt. No. 118.

When plaintiffs first moved for emergency relief, Judge Rakoff denied their emergency motion without prejudice, Dkt. No. 121 at 2, on the basis that the State's motion to remand its enforcement action meant that "as a practical matter," nothing was "likely to happen in [the State's] case against Kalshi." Dkt. No. 141, Hearing Tr. 14:10–12; *see also id.* 15:16–22 ("[C]an either side give me any reason to believe, as a practical matter, that anything practical is going to happen between now and when Judge Marrero decides the preliminary injunction matter? Because if it's